IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JB SUMARLIN et al.<br><br>Plaintiffs,<br><br>vs.<br><br>ASSET RECOVERY TRUST et al.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT**<br><br><br>Case No. 2:08-cv-579 CW<br><br>Judge Clark Waddoups |

This matter is before the Court on Plaintiffs' Motions for Entry of Default against the following entities: Dressel Investments, Ltd., (BVI); Dressel Investment Consultants, Inc.; Dressel Investments, Ltd. (USA); Dressel Investment Limited USA, Inc.; Dressel Portfolio Management, Inc.; Elite Dynamics, Inc.; Elite Portfolio, Inc.; Asset Recovery Trust;  Integrity Office Support, LLC; Fucoidan Company, LLC; Korr Development, Inc.; Triple D Mining, Inc.; Top and Top, Ltd. (BVI); Top and Top Limited, Inc.; DS Platinum, LLC; Music Chamber International, Inc.; Rand Alaska Discovery & Mining, Inc; Norania Development, Inc.; Mining 4, Inc.; Mining 3, Inc.; and Tonga Living, LLC (collectively "Entity Defendants").

Plaintiffs assert the Entity Defendants acknowledged receipt of service as is shown by documents filed with the Court. On August 27, 2008, Plaintiffs filed affidavits by a constable to show service of the Summons and Complaint on various defendants. According to the Constable's Return, each of the Summonses was served on Blake Ostler at his residence. Plaintiffs assert that Blake Ostler is the attorney-in-fact for the Entity Defendants and other named defendants. This assertion appears to be based on the fact that Mr. Ostler represented some of the defendants in a prior action. (*See* Docket No. 40.)

On September 5, 2008, defendants David and Kelley Thacker filed a Motion to Quash Service of Process on the grounds that Mr. Ostler was not authorized to accept service of process on their behalf. (Docket No. 12.) Defendants Robert W. Jinks and Asset Recovery Trust subsequently joined in the motion. (Docket No. 13.) No appearance has been made by Blake Ostler in this case on behalf of any of the defendants.

Service of a summons and complaint on an agent is effective only if the agent is "authorized by appointment or by law to receive service of process."[1] Consequently, "any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process."[2] "The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service."[3] This is so "[e]ven where an attorney exercises broad powers to represent a client in litigation" because "these powers of representation alone do not create a specific authority to

---

[1] Fed. R. Civ. P. 4(h)(1)(B) (2008).

[2] Nelson v. Swift, 271 F.2d 504, 505 (D.C. Cir. 1959) (quotations and citations omitted).

[3] United States v. Ziegler Bolt & Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997).

receive service."[4] As a result, "the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service."[5]

Here, the record does not show that Mr. Ostler had the requisite authority to accept service. While there is evidence that Mr. Ostler represented some of the defendants in a prior action, that evidence does not demonstrate that he represented all of the Entity Defendants, or that he had been duly authorized to accept service in this case. Moreover, Mr. Ostler has made no appearance in this case, and each of the defendants that have appeared have moved to quash service on the grounds that Mr. Ostler did not have authority to accept service on their behalf in this action.

Additionally, some of the names listed on the Motions for Entry of Default do not match the party names listed in the Complaint. For example, the Complaint names Elite Portfolio, LLC as a defendant, but the Motion for Entry of Default names Elite Portfolio, Inc. as the party against whom Plaintiffs are seeking default. The present record is therefore insufficient to show that entry of default is warranted against the Entity Defendants. Accordingly, it is hereby

ORDERED that Plaintiffs' Motions for Entry of Default against the Entity Defendants are DENIED without prejudice.

Should Plaintiffs want to renew their Motions for Entry of Default, Plaintiffs must provide additional evidence of service of process, acceptance of service, or an authorized waiver. The Motions for Entry of Default also must state the proper name of the entity for whom Plaintiffs are seeking default.

---

[4] Id.

[5] Id.

DATED this 13th day of November, 2008.

                                        BY THE COURT:

                                        _____
                                        Clark Waddoups
                                        United States District Judge