FILED
U.S. DISTRICT COURT

2009 AUG 28 P 2: 10

DISTRICT OF UTAH

BY:
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JB SUMARLIN et al.<br><br>Plaintiffs,<br><br>vs.<br><br>ASSET RECOVERY TRUST et al.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT**<br><br>Case No. 2:08-cv-579 CW<br><br>Judge Clark Waddoups |

Previously, Plaintiffs filed motions for entry of default against various entities. The court denied the motions without prejudice because Plaintiffs failed to show that the person who was served had the requisite authority to accept service. Subsequently, Plaintiffs served the Amended Complaint and Summons on the following entities:

1. Dressel Investment Consultants, Inc. (Docket No. 83);

2. Dressel Investment Limited (USA), Inc. (Docket No. 82);

3. Dressel Portfolio Management, Inc. (Docket No. 87);

4. Elite Dynamics, LLC (Docket No. 86);

5.     Elite Portfolio, LLC (Docket No. 85);

6.     The Fucoidan Company, Inc. (Docket No. 91);

7.     Korr Development, Inc. (Docket No. 80);

8.     Integrity Office Support, LLC (Docket No. 84);

9.     Mining 3, Inc. (Docket No. 95);

10.     Mining 4, Inc. (Docket No. 96);

11.     Norania Development, LLC (Docket No. 90);

12.     Options Limited, LLC (Docket No. 92);

13.     Rand Alaska Discovery & Mining, Inc. (Docket No. 94);

14.     Tonga Living, LLC (Docket No. 89);

15.     Top and Top Limited, Inc. (Docket No. 88);

16.     Triple D. Mining, Inc. (Docket No. 93).

For each entity, the Constable's Return states that the entity was served by delivering the document to "David Thacker, Manager/Director." On February 27, 2009, a Default Certificate was entered against each of the above entities, except Dressel Investment Limited (USA), Inc. The Default Certificate improperly lists Dressel Investment Limited (BVI), for whom no proof of service has been filed. Plaintiffs now seek default judgment against each of the above entities.

Plaintiffs again have failed to provide evidence that the person who was served had the requisite authority to accept service. Merely stating that David Thacker is the manager or director of an entity does not establish that he actually is the manager or director. Instead, it is a conclusory statement without supporting evidence. Because Plaintiffs have failed to provide evidence that

David Thacker is the manager/director of the above entities, the court hereby

DENIES Plaintiffs' motion for default judgment.[1]  Because the Default Certificate was

entered in error, the court hereby STRIKES the Default Certificate.[2]

SO ORDERED this 29th day of August, 2009.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[1] Docket No. 135.

[2] Docket No. 111.